**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

6:26-CV-771-PGB-RMN

**ALBERT TALKER,**

Plaintiff,

v.

**Hilton Garden Inn Apopka City, And Hira Hussain,**

**Hilton Worldwide Holdings Inc.,**

**Priceline.com LLC,**

Defendants.

**Complaint and Demand for Jury Trial**

## I. INTRODUCTION

This is a civil action arising from Defendants' failure to provide safe, habitable lodging and from deceptive and unfair business practices in connection with a hotel reservation in Apopka, Florida.

1. Plaintiff purchased lodging through Defendant Priceline.com LLC in reliance on representations that the property was safe, sanitary, and suitable for occupancy.
2. Upon arrival, Plaintiff encountered dangerous and defective conditions rendering the accommodation unfit for its intended purpose.
3. Plaintiff suffered illness, financial loss, and other damages.
4. Defendants refused to refund unused nights despite material nonperformance.

---

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under **28 U.S.C. § 1332(a)**.
7. Plaintiff is a citizen of Pennsylvania.
8. Defendant Priceline.com LLC is a Delaware LLC with its principal place of business in Connecticut.
9. Defendant Hilton Worldwide Holdings Inc. is a Delaware corporation with its principal place of business in Virginia.
10. The amount in controversy exceeds $75,000.

11. Venue is proper under **28 U.S.C. § 1391(b)** because the events occurred in this District.

---

**III. PARTIES**

12. Plaintiff is an individual residing in Pennsylvania.

13. Defendant Priceline.com LLC operates an online booking platform.

14. Defendant Hilton Worldwide Holdings Inc. owns or controls the Hilton brand.

15. Defendant Hilton Garden Inn Apopka City operates the subject hotel.

16. Defendant Hira Hussain was an agent or manager acting within the scope of employment.

---

**IV. FACTUAL ALLEGATIONS**

17. On or about October 26, 2025, Plaintiff booked a five-night stay through Priceline.

18. The listing represented the property as safe, sanitary, and professionally maintained.

19. Plaintiff relied on these representations.

20. Upon arrival, Plaintiff encountered:

a. A malfunctioning HVAC system causing continuous noise;

b. Improperly stored food products;

c. A defective coffee maker damaging property;

d. Security concerns involving personal belongings.

21. Plaintiff reported these issues.

22. Defendants failed to remedy them.

23. Plaintiff became ill after consuming food from the premises.

24. Plaintiff vacated early due to safety concerns.

25. Plaintiff requested a refund.

26. Defendants refused based on a "non-refundable" policy.

---

## V. FRAUD ALLEGATIONS (RULE 9(b))

27. Defendants made material misrepresentations regarding safety and quality.

28. These statements were made via online listings and booking confirmations.

29. The misrepresentations occurred on or about October 26, 2025.

30. The statements were false because the property contained undisclosed defects.

31. Plaintiff relied on these representations.

32. Plaintiff suffered damages as a result.

---

## VI. CAUSES OF ACTION

**COUNT I – FDUTPA**

33. Defendants engaged in deceptive and unfair practices.

34. Plaintiff suffered actual damages.

---

**COUNT II – BREACH OF CONTRACT**

35. A valid contract existed.

36. Defendants breached by failing to provide habitable lodging.

37. Plaintiff suffered damages.

---

**COUNT III – NEGLIGENCE**

38. Defendants owed a duty of care.

39. Defendants breached that duty.

40. Plaintiff suffered injury.

---

**COUNT IV – FRAUDULENT MISREPRESENTATION**

41. Defendants knowingly made false representations.

42. Plaintiff relied on them.

43. Plaintiff suffered damages.

---

**COUNT V – UNJUST ENRICHMENT**

44. Defendants retained payment without providing value.

---

**COUNT VI – CIVIL RICO (18 U.S.C. § 1962(c))**

45. Defendants formed an enterprise affecting interstate commerce.

46. Defendants engaged in a pattern of racketeering activity, including wire fraud.

47. Defendants used interstate communications to misrepresent lodging conditions and deny refunds.

48. This conduct constitutes a continuing pattern.

49. Plaintiff suffered financial injury.

50. Plaintiff seeks treble damages under 18 U.S.C. § 1964(c).

---

**VII. DAMAGES**

51. Plaintiff suffered:

- Financial losses;
- Property damage;

- Physical illness;
- Loss of use and enjoyment.

52. Damages exceed $75,000.

---

## VIII. PUNITIVE DAMAGES

53. Defendants acted willfully and with reckless disregard for safety.

54. Plaintiff is entitled to punitive damages.

---

## IX. JURY DEMAND

55. Plaintiff demands trial by jury.

---

## X. PRAYER FOR RELIEF

Plaintiff requests:

A. Judgment in his favor;

B. Compensatory damages;

C. Treble damages (RICO);

D. Punitive damages;

E. Costs and fees;

F. Other relief deemed appropriate.

---

**XI. VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

Date: 03/30/2026

Albert Talker, Pro Se